FILED by ___ D.C.
ELECTRONIC

Oct. 27, 2008

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**08-22983-CIV-JORDAN/MCALILEY**

LARRY JACKSON

Plaintiff,

v.

CITY OF MIAMI, MICHAEL RAGUSA, an individual, MARIE POTEAU, an individual, PIERRE DORCE, an individual, and ROBERT LAURENCEAU, an individual,

Defendants.

_______________________________________/

# COMPLAINT

Plaintiff, LARRY JACKSON, sues the Defendants, CITY OF MIAMI, and MICHAEL RAGUSA, MARIE POTEAU, PIERRE DORCE and ROBERT LAURENCEAU in their individual capacity, and as grounds therefore allege:

## Introduction

1. This is an action for damages arising out of the deprivation of

LARRY JACKSON'S rights as guaranteed by the Fourth Amendment to the United States Constitution and 42 U.S.C. §1983, and for battery and other abuses by City of Miami police officers in the course and scope of their employment.

2. This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §1331 and 1343 in that this is an action to redress violations of the Plaintiff's federally protected constitutional rights pursuant to the provisions of 42 U.S.C. §1983. Jurisdiction over the state law claims is founded upon the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367.

3. The violation of Plaintiff's rights alleged herein was committed within Dade County, Florida, and venue is proper in this district pursuant to 28 U.S.C. Section 1391(b).

4. The Plaintiff, Larry Jackson, at all times material hereto, was a

citizen of the United States and a resident of Miami, Miami-Dade County, Florida. In addition, Plaintiff was employed by the Defendant, City of Miami, as a police sergeant.

5. The Defendant, City of Miami, is a municipality incorporated pursuant to the provisions of the Florida Constitution and Florida statutes.

6. The Defendant, Michael Ragusa ("RAGUSA"), at all times material hereto, was employed as a police officer with the Defendant City of Miami, and was acting in the course and scope of his employment at all times. He is sued herein in his individual capacity.

7. The Defendant, Robert Laurenceau ("LAURENCEAU"), at all times material hereto, was employed as a police officer with the Defendant City of Miami, and was acting in the course and scope of his employment at all times. He is sued herein in his individual capacity.

8. The Defendant, Marie Poteau ("POTEAU"), at all times

material hereto, was employed as a police officer with the Defendant City of Miami, and was acting in the course and scope of her employment at all times. She is sued herein in her individual capacity.

9. The Defendant, Pierre Dorce ("DORCE"), at all times material hereto, was employed as a police officer with the Defendant City of Miami, and was acting in the course and scope of his employment at all times. He is sued herein in his individual capacity.

10. On or about September 2, 2006, at approximately 3:45 p.m., DORCE responded to Cedars Medical Center (now, University of Miami Hospital), and met with a victim of an alleged aggravated battery that had occurred earlier that day.

11. DORCE interviewed the victim of the aggravated battery and obtained, among other things, the name of the suspect (Eddy King), description of the suspect and the type of vehicle the suspect drove (white, four door Ford Explorer).

12. In response to questioning by DORCE, the victim provided a physical description of King as being a black male, heavily built, black hair and wearing a short afro haircut. DORCE did not ask the victim to describe the clothing King was wearing at the time of the battery.

13. On information and belief, DORCE obtained a photograph of King during his investigation of the aggravated battery.

14. DORCE caused a City of Miami police dispatcher to issue a "Be On The Lookout" (B.O.L.O.) for a white explorer, driven by Eddie King, the suspect in connection with the aggravated battery.

15. On or about September 2, 2006, at approximately 4:30 p.m., Plaintiff, while off-duty, was driving his 1996 white Ford Explorer in the area of N.W. 2nd Avenue and 54th Street, Miami, Florida.

16. On or about September 2, 2006, at approximately 4:45 p.m. DORCE, while in a marked City of Miami Police vehicle, saw a white Ford Explorer traveling in the area of N.W. 7th Avenue and 59th Street, Miami, Florida.

17. The white Ford Explorer matched the description of the vehicle provided by the victim of the aggravated battery that suspect Eddy King allegedly was driving.

18. Prior to attempting to stop the vehicle, DORCE advised over his police radio that he needed a police unit to assist him in making a traffic stop.

19. DORCE stopped Plaintiff's vehicle at approximately 4:45 p.m. at the corner of N.W. 2nd Avenue and 54th Street, Miami, Florida. RAGUSA and POTEAU arrived shortly thereafter, each driving marked City of Miami Police vehicles.

20. Upon stopping Plaintiff's vehicle, DORCE radioed to the City of Miami police dispatcher the license plate tag of the Ford Explorer and he was advised that the tag was registered to Larry Donnell Jackson.

21. As Plaintiff sat in his vehicle, DORCE, RAGUSA and POTEAU walked towards his vehicle with guns drawn.

22. Plaintiff's police identification was on the center console inside

his vehicle. However, Plaintiff feared that if he reached for his police identification, he would be shot.

23. As DORCE, RAGUSA and POTEAU walked towards Plaintiff's vehicle, POTEAU yelled to Plaintiff, "get the fuck out of the truck, get your ass out of the truck."

24. Because the front windows of Plaintiff's Explorer were not working, he was not able to lower his driver's side window. Instead, Plaintiff exited his vehicle and immediately pointed to the interior console, advising that his police identification was inside.

25. RAGUSA walked to the passenger side of Plaintiff's vehicle to make sure there were no other persons or weapons inside.

26. Plaintiff's police identification case and badge were clearly visible on the center console, near the middle of the dashboard.

27. DORCE or RAGUSA ordered Plaintiff to walk to the rear of the Explorer and he complied. The driver's side door remained opened as he walked to the rear.

28. As Plaintiff walked to the rear of his Explorer, he asked what was going on and advised that he was a police officer. Plaintiff advised a second time that he was a police officer and said that he was carrying a firearm, while at the same time lifting his shirt to show the firearm in his waistline.

29. Plaintiff was carrying his City of Miami Police-issued Glock .40 caliber pistol, Model 22. The pistol had a City of Miami police emblem plainly visible on the right hand side of the barrel.

30. After Plaintiff identified himself as a police officer and displayed his firearm, DORCE, who had holstered his weapon, took Plaintiff's firearm from his waistline and stepped away. RAGUSA had also holstered his weapon prior to the time DORCE took Plaintiff's firearm from Plaintiff's waistline.

31. The make and model of the pistol and the fact that a City of Miami emblem appeared on the right side of the barrel of the pistol, should have caused the pistol to be easily recognizable to DORCE as a City

of Miami Police-issued Glock pistol, upon even the most cursory inspection.

32. DORCE failed to advise RAGUSA, POTEAU or any other law enforcement officer on the scene, that the firearm he took from Plaintiff was a City of Miami Police-issued Glock.

33. Plaintiff, facing his vehicle, with his hands on the vehicle, turned around and, while pointing in the direction of his front seat, advised that his police ID was inside.

34. After hearing Plaintiff advise that his police ID was in the front seat of his Explorer, POTEAU looked inside Plaintiff's vehicle and found Plaintiff's police identification, which was clearly visible near the gear section.

35. POTEAU failed to immediately advise RAGUSA, DORCE or any other law enforcement officer on the scene, that she found Plaintiff's police identification, despite having time to do so before Plaintiff was battered, struck, touched or tasered against his will.

36. After Plaintiff turned around to advise that his police ID was inside the Explorer, Defendant Ragusa grabbed Plaintiff by his right triceps and rammed his body into the Explorer.

37. Plaintiff responded by saying, "you don't have to handle me like that, I am a cop."

38. Defendant Ragusa responded by continuing to grab Plaintiff's arm tightly, causing numbness and tingling in Plaintiff's arm.

39. Plaintiff, in order to repel Defendant Ragusa's unnecessary application of force to his arm, pulled away and threw an elbow back in order to break Defendant Ragusa's grip. Plaintiff was now facing Defendant Ragusa.

40. While standing face to face, Defendant Ragusa charged at Plaintiff. Fearing imminent harm, Plaintiff swung his arms in a defensive manner in an attempt to ward off Defendant Ragusa's advance, while at the same time, moving to the side to avoid contact. Plaintiff made no attempt to strike Defendant Ragusa.

41. Defendant Laurenceau, who had arrived at the scene and was walking towards the Ford Explorer, saw Defendant Ragusa rush to grab Plaintiff. Without warning, Defendant Laurenceau took out his taser and discharged one cycle, striking Plaintiff's leather belt and right kidney area with the taser prongs. Although the taser did not immediately mobilize Plaintiff, he was ordered to lie down on the ground and he complied. He was then handcuffed.

42. After Plaintiff was tasered and handcuffed POTEAU gave Plaintiff's police identification to Sergeant Jose Colon ("Colon"), who had arrived on the scene with LAURENCEAU.

43. Colon showed Plaintiff's police identification to LAURENCEAU.

44. When Plaintiff was turned over, LAURENCEAU immediately realized that Plaintiff was a City of Miami police sergeant whom he knew.

45. When LAURENCEAU realized who he had tasered, he shouted to POTEAU, DORCE and RAGUSA, "what the fuck did you guys do?

46. RAGUSA responded by repeatedly yelling, "he punched me in the face, battery on a law enforcement officer."

47. LAURENCEAU apologized to Plaintiff, and had the handcuffs removed from Plaintiff.

48. Plaintiff was not arrested for any criminal offenses.

49. Plaintiff has retained undersigned counsel and has agreed to pay a reasonable attorney's fee for his services.

## COUNT I

## BATTERY
## City of Miami

50. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 49 herein.

51. On September 2, 2006, Defendant RAGUSA, employee of the Defendant, City of Miami, acting in the course of his employment, did batter, touch and strike Plaintiff without the consent of the Plaintiff and against his will.

52. On September 2, 2006, Defendant LAURENCEAU, employee of

the Defendant, City of Miami, acting in the course of his employment, did batter touch and strike Plaintiff, through the use of an instrumentality, that is, a taser and its prongs, without the consent of the Plaintiff and against his will.

53. As a result of the actions of the City of Miami, Plaintiff suffered the following damages:

a. physical suffering, physical inconvenience and physical discomfort;

b. mental and emotional pain and suffering, anguish, including but not limited to embarrassment, humiliation and personal inconvenience suffered in the past and to be suffered in the future;

c. loss of earnings;

d. medical expenses;

e. other economic damages.

54. All conditions precedent to the initiation of this action

against Defendant, City of Miami have been complied with as Plaintiff notified Defendant, City of Miami, of this claim, in writing six months prior to the filing of this action, pursuant to s. 768.28 Florida Statutes, and the claim was not resolved.

WHEREFORE, Plaintiff demands judgment against the Defendant, City of Miami, for compensatory damages, and costs of this action.

## COUNT II

### 42 U.S.C. §1983
### Violation of Plaintiff's Fourth Amendment right to be free from excessive use of force
### Officers Dorce, Ragusa, Poteau and Laurenceau, Individually

55. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 49 herein.

56. During the course of detaining, seizing and arresting Plaintiff, Defendant, RAGUSA did batter, touch and strike Plaintiff without any need to do so to accomplish the seizure, detention and arrest and without any provocation from Plaintiff.

57. During the course of detaining, seizing and arresting Plaintiff,

Defendant LAURENCEAU did batter, touch and strike Plaintiff through the use of an instrumentality, that is, a taser and its prongs, without warning and without any need to do so to accomplish the seizure, detention and arrest and without any provocation from Plaintiff.

58. During the course of detaining, seizing and arresting Plaintiff, Defendant DORCE, after having taken possession of Plaintiff's firearm from Plaintiff's waistline, knew or should have known from the make and model of the firearm and the City of Miami emblem on the firearm, that Plaintiff was in possession of a City of Miami Police-issued firearm and/or was a City of Miami police officer/sergeant.

59. Despite such knowledge, or failure to learn that which was readily apparent to a trained police officer, DORCE failed to take reasonable steps to protect Plaintiff from Defendant RAGUSA'S and Defendant LAURENCEAU'S use of excessive force in connection with detaining, seizing and arresting Plaintiff, namely, immediately advising police personnel at the scene that Plaintiff was in possession of a City of

Miami Police-issued firearm and/or was a City of Miami police officer/sergeant.

60. During the course of detaining, seizing and arresting Plaintiff, Defendant POTEAU, after having observed and taken possession of Plaintiff's law enforcement identification from inside Plaintiff's vehicle, knew or should have known that Plaintiff was employed by the City of Miami as a police officer/sergeant.

61. Despite such knowledge, Defendant POTEAU failed to take reasonable steps to protect Plaintiff from Defendant RAGUSA'S and Defendant LAURENCEAU'S use of excessive force in connection with detaining, seizing and arresting Plaintiff, namely, immediately advising police personnel on the scene that Plaintiff was a City of Miami police officer/sergeant.

62. Defendants RAGUSA and LAURENCEAU were acting under color of state law when they wrongfully battered Plaintiff.

63. Defendants DORCE and POTEAU were acting under color of

state law when they failed to immediately advise police personnel on the scene that Plaintiff was a City of Miami police officer/sergeant, despite having knowledge or under the circumstances should have had knowledge of same.

64. The battery alleged herein as described in Count II above, deprived Plaintiff of his Fourth Amendment right under the U.S. Constitution to be free from the unlawful seizure of his person and to be free from the use of excessive force in the seizure.

65. Defendants RAGUSA and LAURENCEAU battered Plaintiff in bad faith and with willful, wanton and reckless disregard for Plaintiff's rights. Defendants RAGUSA, LAURENCEAU, DORCE and POTEAU knew or would have known, if they were reasonable police officers, that there was no need or justification to strike or inflict any kind of aggressive force on Plaintiff, and/or fail to immediately act to ensure that no unreasonable force was used on Plaintiff, and are therefore, not entitled to qualified immunity protection.

66. As a direct and proximate result of the battery, Plaintiff suffered damages as set forth in paragraph 53 above.

67. As prevailing party in this claim, Plaintiff will be entitled to a judgment for attorney's fees reasonably incurred, pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff demands judgment against the Defendants, DORCE, RAGUSA, POTEAU and LAURENCEAU for compensatory damages, attorney's fees and costs Plaintiff has incurred in this action.

## COUNT III

**Negligence**
**Dorce, individually**

68. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 49 herein.

69. At all times material hereto, DORCE had a duty to Plaintiff to diligently act to confirm or dispel suspicions that Plaintiff was the suspect wanted in connection with an aggravated battery.

70. DORCE breached his duty to Plaintiff by failing to learn

that which was readily apparent to a trained police officer, namely, that the firearm taken from Plaintiff, a Glock .40 caliber pistol, with a City of Miami emblem on the barrel, was a City of Miami Police-issued Glock firearm and/or having knowledge of same, failed to immediately advise all other law enforcement personnel on the scene of that fact.

71. It was foreseeable to DORCE that harm would come to Plaintiff as a result of his breach of duty because under the circumstances, where law enforcement personnel were in possession of information that Plaintiff might be a suspect in connection with an aggravated battery, Plaintiff's encounter with law enforcement was more likely to be violent.

72. As a direct and proximate result of the wrongful conduct of DORCE as alleged above, Plaintiff suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment and the cost of medical care.

WHEREFORE, Plaintiff demands judgment for damages and costs of the action against Defendant DORCE.

## COUNT IV

### Negligence
### Poteau, individually

73. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 49 herein.

74. At all times material hereto, POTEAU had a duty to Plaintiff to diligently act to confirm or dispel suspicions that Plaintiff was the suspect wanted in connection with an aggravated battery.

75. POTEAU breached her duty to Plaintiff by failing to immediately advise all other law enforcement personnel on the scene that she found Plaintiff's police identification in Plaintiff's vehicle, identifying him as a City of Miami Police officer/sergeant and thereby dispelling any suspicion that Plaintiff was Eddie King, the subject wanted in connection with an aggravated battery.

76. It was foreseeable to POTEAU that harm would come to Plaintiff as a result of her breach of duty because under the circumstances, where law enforcement personnel were in possession of information that

Plaintiff might be a suspect in connection with an aggravated battery, Plaintiff's encounter with law enforcement was more likely to be violent.

77. As a direct and proximate result of the wrongful conduct of POTEAU as alleged above, Plaintiff suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment and the cost of medical care.

WHEREFORE, Plaintiff demands judgment for damages and costs of the action against Defendant POTEAU.

## COUNT V

### Negligence
### Ragusa, individually

78. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 49 herein.

79. At all times material hereto, RAGUSA had a duty to Plaintiff to diligently act to confirm or dispel suspicions that Plaintiff was the suspect wanted in connection with an aggravated battery.

80. RAGUSA breached his duty to Plaintiff by failing to

learn that which was plainly apparent to any trained police officer, namely, that when RAGUSA looked inside Plaintiff's vehicle to make sure no other persons or weapons were inside, Plaintiff's police identification was plainly visible on the center console, identifying Plaintiff as a City of Miami police officer/sergeant and thereby dispelling any suspicion that Plaintiff was Eddie King, the subject wanted in connection with an aggravated battery.

81. It was foreseeable to RAGUSA that harm would come to Plaintiff as a result of his breach of duty because under the circumstances, where law enforcement personnel were in possession of information that Plaintiff might be a suspect in connection with an aggravated battery, Plaintiff's encounter with law enforcement was more likely to be violent.

82. As a direct and proximate result of the wrongful conduct of RAGUSA as alleged above, Plaintiff suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment and the cost of medical care.

WHEREFORE, Plaintiff demands judgment for damages and costs of the action against Defendant RAGUSA.

## COUNT VI

### Negligence
### City of Miami

83. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 49, herein.

84. At all times material hereto, Defendants DORCE, POTEAU and RAGUSA, employees of Defendant City of Miami, and acting in the course of their employment, had a duty to Plaintiff to diligently act to confirm or dispel suspicions that Plaintiff was the suspect wanted in connection with an aggravated battery.

85. DORCE, acting as an agent of Defendant, City of Miami, breached his duty to Plaintiff by failing to learn that which was readily apparent to a trained police officer, namely, that the firearm taken from Plaintiff, a Glock .40 caliber pistol, with a City of Miami emblem on the barrel, was a City of Miami Police-issued Glock firearm and/or having

knowledge of same, failed to immediately advise all other law enforcement personnel on the scene of that fact.

86. It was foreseeable to DORCE that harm would come to Plaintiff as a result of his breach of duty because under the circumstances, where law enforcement personnel were in possession of information that Plaintiff might be a suspect in connection with an aggravated battery, Plaintiff's encounter with law enforcement was more likely to be violent.

87. As a direct and proximate result of the wrongful conduct of DORCE as alleged above, Plaintiff suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment and the cost of medical care.

88. POTEAU, acting as an agent for Defendant, City of Miami, breached her duty to Plaintiff by failing to immediately advise all other law enforcement personnel on the scene that she found Plaintiff's police identification in Plaintiff's vehicle, identifying him as a City of Miami Police officer/sergeant and thereby dispelling any suspicion that Plaintiff

was Eddie King, the subject wanted in connection with an aggravated battery.

89. It was foreseeable to POTEAU that harm would come to Plaintiff as a result of her breach of duty because under the circumstances, where law enforcement personnel were in possession of information that Plaintiff might be a suspect in connection with an aggravated battery, Plaintiff's encounter with law enforcement was more likely to be violent.

90. As a direct and proximate result of the wrongful conduct of POTEAU as alleged above, Plaintiff suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment and the cost of medical care.

91. RAGUSA, acting as an agent of Defendant, City of Miami, breached his duty to Plaintiff by failing to learn that which was plainly apparent to any trained police officer, namely, that when RAGUSA looked inside Plaintiff's vehicle to make sure no other persons or weapons were inside, Plaintiff's police identification was plainly visible on the center

console, identifying Plaintiff as a City of Miami police officer/sergeant and thereby dispelling any suspicion that Plaintiff was Eddie King, the subject wanted in connection with an aggravated battery.

92. It was foreseeable to RAGUSA that harm would come to Plaintiff as a result of his breach of duty because under the circumstances, where law enforcement personnel were in possession of information that Plaintiff might be a suspect in connection with an aggravated battery, Plaintiff's encounter with law enforcement was more likely to be violent.

93. As a direct and proximate result of the wrongful conduct of RAGUSA as alleged above, Plaintiff suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment and the cost of medical care.

94. As a result of the negligent actions of its agents, occurring within the scope and course of the agency relationship, Defendant, City of Miami is liable for the negligent acts of its agents.

95. As a direct and proximate result of the wrongful conduct of

its agents, as alleged above, Plaintiff suffered bodily injury and resulting pain and suffering, mental anguish, loss of employment and the cost of medical care.

WHEREFORE, Plaintiff demands judgment for damages and costs of the action against Defendant City of Miami.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: Oct 27, 2008

ALLAN B. KAISER, P.L.L.C.
Fla. Bar No. 594628
111 N.E. 1st Street, Ste. 902
Miami, FL 33132
Phone: 305-858-6070
Fax: 305-350-1915
allankaiser@akaiserlaw.com

By: ______________________
ALLAN B. KAISER

FILED by TS D.C. ELECTRONIC
Oct. 27, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as r... by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk o... the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed C...**

**I. (a) PLAINTIFFS**
LARRY JACKSON

(b) County of Residence of First Listed Plaintiff DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Allan B. Kaiser
Allan B. Kaiser, P.L.L.C.
111 N.E. 1st Street, Ste. 902, Miami, FL 33132

**DEFENDANTS**
CITY OF MIAMI, MICHAEL RAGUSA, MARIE POTEAU, PIERRE DORCE, ROBERT LAURENCEAU

County of Residence of First Listed Defendant DADE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)
UNKNOWN

(d) Check County Where Action Arose: ☑ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Miami 08CV22983 Jordan/McAliley

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT:** ☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

**REAL PROPERTY:** ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY:** ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Federal Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury

**PERSONAL INJURY:** ☐ 362 Personal Injury - Med. Malpractice; ☐ 365 Personal Injury - Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY:** ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS:** ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/ Accommodations; ☐ 444 Welfare; ☐ 445 Amer. w/Disabilities - Employment; ☐ 446 Amer. w/Disabilities - Other; ☑ 440 Other Civil Rights

**PRISONER PETITIONS:** ☐ 510 Motions to Vacate Sentence; Habeas Corpus: ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus & Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition

**FORFEITURE/PENALTY:** ☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 630 Liquor Laws; ☐ 640 R.R. & Truck; ☐ 650 Airline Regs.; ☐ 660 Occupational Safety/Health; ☐ 690 Other

**LABOR:** ☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt.Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION:** ☐ 462 Naturalization Application; ☐ 463 Habeas Corpus-Alien Detainee; ☐ 465 Other Immigration Actions

**BANKRUPTCY:** ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS:** ☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

**SOCIAL SECURITY:** ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS:** ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES:** ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit; ☐ 490 Cable/Sat TV; ☐ 810 Selective Service; ☐ 850 Securities/Commodities/ Exchange; ☐ 875 Customer Challenge 12 USC 3410; ☐ 890 Other Statutory Actions; ☐ 891 Agricultural Acts; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Information Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed- (see VI below) ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):
a) Re-filed Case ☐ YES ☑ NO b) Related Cases ☐ YES ☑ NO
JUDGE DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):
42 U.S.C. 1983, violation of Plaintiff's 4th Amendment right to be free from excessive use of force.
LENGTH OF TRIAL via 5 days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☑ Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**
SIGNATURE OF ATTORNEY OF RECORD [signature]
DATE June 11, 2008

FOR OFFICE USE ONLY
AMOUNT $350.00 RECEIPT # 989429 IFP
10/27/08